The People of the State of New York ex rel. The New York Central and Hudson River Railroad Company, Respondent, v. The Board of Railroad Commissioners of the State of New York and Others, Defendants, Impleaded with John A. Barhite, as Receiver of the Buffalo, Niagara Falls and Rochester Railway Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Robert C. Pruyn, as a Stockholder of the Guayaquil and Quito Railway Company, Suing on Behalf of Himself and All Others Similarly Situated, Respondent, v. The Guayaquil and Quito Railway Company and Others, Appellants, Impleaded with Others.— Motion for leave to go to Court of Appeals granted and questions certified as follows:  "1. Does the complaint state facts sufficient to constitute a cause of action? 2. Are causes of action improperly united, as alleged in the defendant's demurrer?"

Philip Schaefer, Respondent, v. Charles R. Hatfield and Another, as Executors, etc., of Christina Hatfield, Deceased, Appellants.— Motion granted, with ten dollars costs, unless, within thirty days, appellant serves upon the respondent's attorney the printed papers on appeal, which he may do upon the payment of ten dollars and ten dollars costs of this motion.

Amasa Thornton, Appellant, v. Pedro Gonzales Estrada, as Bishop of the Roman Catholic Diocese of Havana, Island of Cuba, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Katherine W. Tourtellot, Appellant, v. H. J. Bool Company, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred.

Mary S. Young, a Stockholder and Policyholder, etc., Respondent, v. James H. Hyde, Appellant, Impleaded, etc.—Motion for leave to go to Court of Appeals granted and questions certified as follows:  "1. Does the complaint state facts sufficient to constitute a cause of action? 2. Are causes of action improperly united, as alleged in defendant's demurrer?"

---

## SECOND DEPARTMENT, MAY, 1906.

George A. Ohl & Co., Appellant, v. The Brooklyn Heights Railroad Company, Respondent.

*Negligence — nonsuit in action for damage to personal property on ground of contributory negligence reversed on evidence of some degree of care.*

Appeal by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, rendered on the 17th day of June, 1904, dismissing the plaintiff's complaint.

WOODWARD, J.:  The plaintiff was nonsuited in an action to recover damages to personal property due to defendant's negligence, on the ground that the evidence failed to show freedom from contributory negligence. I think the evidence showed that the plaintiff's driver exercised some degree of care under the circumstances of the case, and that he was entitled to go to the jury. The judgment should be reversed and a new trial ordered, costs to abide the event. Hirschberg, P. J., Gaynor, Rich and Miller, JJ., concurred. Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.

Joseph D. Armstrong, Plaintiff, v. The County of Nassau and Others, Defendants.— We do not find in the papers presented any justification for the view taken by the moving parties of the scope and effect of our decision herein; nor do we find anything in the judgment rendered on the submission which is binding upon other parties in subsequent litigation or even upon this court as to such parties by way either of precedent or of adjudication. Motion denied. Present — Hirschberg, P. J., Woodward, Jenks, Hooker and Miller, JJ.

Mary C. Burke, as Executrix, etc., Respondent, v. Joseph F. Baker and Others, Impleaded with the City of New York, Appellants.— Motion to amend judgment denied. Motion for reargument denied. Present — Hirschberg, P. J., Woodward, Jenks, Hooker and Miller, JJ.